MEYER, Appellant, vs. SELOVER, Respondent.

*April 27—September 14, 1937.*

390

For the appellant there were briefs by *Schmitt & Schnabel* of Merrill, and oral argument by *Leonard F. Schmitt.*

*Carlyle B. Wurster* of Merrill, for the respondent.

The following opinion was filed May 25, 1937:

FAIRCHILD, J.    It is settled by the judgment of the circuit court that Selover took the title to the land in his name solely

for the purpose of securing payment to him of such sums as he was lawfully entitled to receive because of the agreements made with relation to the accommodation extended for the purchase price. He advanced $7,000 with the understanding that he was to be repaid that amount plus $1,500. Defendant testified that there was then no agreement to pay interest. The evidence shows that payments were made to apply on this amount to the extent of $5,500. The court allowed a recovery of the balance of $3,000 with interest at six per cent from April 4, 1919. The only evidence of an agreement to pay interest is the fact that the so-called ineffective notes signed on April 4, 1919, were to bear interest at seven per cent. With respect to these notes, the court found that the parties never agreed that they should be in force and held them to be of no force or effect. The plaintiff appeals from the allowance of the interest. The defense of usury on the theory that the $1,500 commission plus interest would be a usurious return was not urged below. It was not set up nor was there any application in the court below to afford the plaintiff an opportunity to protect himself on this point as provided in sec. 115.08, Stats., but it is earnestly urged here that there was no agreement to pay interest and that the loading of the account with the $1,500 referred to as a commission can be justified only as a compensation in lieu of interest. It is true that no definite arrangement was ever made obligating the plaintiff to pay interest. Just what the parties had in mind is difficult of ascertainment. Apparently there was a loan of money from defendant to plaintiff and an agreement by plaintiff to repay the money lent and to pay an additional lump sum. The time for payment was left indefinite, but the difficult financial situation of plaintiff and the nature of the enterprise of reducing wild cutover land to profitable farm land indicate a realization that the time of final payment would be far in the future and would carry some element of uncertainty. The number of years, upwards of eighteen, that have elapsed since the original

transaction without any effort definitely to express in terms the obligation of the respective parties strongly supports the plaintiff's apparent contention that the commission was to be and in fact is liberal enough to compensate defendant for the use of his money. The finding that there was an agreement on April 4, 1919, to pay interest is against the great weight and clear preponderance of the evidence. With this interpretation of the facts of the case, together with the fact that there is only a limited appeal before us, it is unnecessary to consider the objection that plaintiff had no opportunity to plead usury. The contention of plaintiff that it was error to allow interest on the sum of $3,000 up to the filing of the cross complaint is supported and that item must be disallowed.

There is also an appeal from so much of the judgment as allows recovery on account of the $500 note. The original note for $431.67 was surrendered and a note for $500 was signed, but never became effective. The $500 item was carried on the open account and was included in subsequent accounts stated. Payments on the open account have served to keep the item enforceable through the time which has elapsed.

*By the Court.*—Judgment modified by the disallowance of interest in accordance with this opinion and, as modified, affirmed. Appellant to have costs.

A motion for a rehearing was denied, with $25 costs, on September 14, 1937.